JAMES F. CHAPMAN, APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Argued June 2, 1908—Decided March 2, 1909.

A motorman who undertakes to clear the tracks at an up grade by pushing a heavily loaded wagon with his car is so far acting within the scope of his employment that his failure to exercise reasonable care renders the company liable for injury to the wagon and team resulting therefrom.

---

On appeal from the District Court.

In the brief of appellant the case made by the plaintiff in the District Court is thus stated:

"The plaintiff was driving up-hill with a load of flagstones. The hill was slippery and the horses slipped. The wagon was partly in the car track and partly out of it. A car came along behind the wagon and had to stop because the wagon blocked its progress. The motorman of the car invited the driver of the wagon to get his wagon more squarely upon the tracks, proposing that the car would push

the wagon up the hill. The driver accepted the invitation. The car pushed the wagon up the hill. The driver of the wagon thanked the motorman of the car. At the crest of the hill the motorman asked the driver to turn out to the right. The driver proceeded to do so. The front wheels got off the track. The car continued to push the rear of the wagon. *'The fender was caught in the wagon.'* The motorman was engaged with the fender of the car, and did not shut off his power. The wagon was tipped, and a stone slid off, producing the damage for which suit was brought. The driver of the wagon was a servant of the plaintiff in the case."

The defendant's motions for a nonsuit and the direction of a verdict were denied, and the case was submitted to the jury under a charge that is not the subject of complaint. Verdict and judgment having been given in favor of the plaintiff the defendant took this appeal.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Leonard J. Tynan.*

For the appellee, *W. Eugene Turton.*

The opinion of the court was delivered by

GARRISON, J. The appellant contends that the trial court should have taken the case from the jury on two grounds—*first,* that the motorman was not acting within his authority as the appellant's servant; and *second,* that his negligence was not made out. Appellant concedes in his brief that "The motorman acted within his authority in endeavoring to clear the wagon from the track." He adds, "It is doubtful if this authority extended to the pushing of the wagon all the way up the hill."

We are unable to make the distinction as matter of law. The transaction in which the motorman engaged had for its object, so far as the interests of the railway company were concerned, the removal from its tracks of an impediment to the progress of its car. Whether in the details of this trans-

action the appellant's servant acted wisely or unwisely is aside from the question. He did what in reason appeared to him to be for the interest of the company. His acts were not wanton or for personal ends. Such acts were therefore within the scope of his employment, so that for his failure to exercise reasonable care the company is liable to the owner of the team for injuries resulting from such neglect.

Whether or not the motorman failed to exercise reasonable care that his car should not go forward until the fender was disengaged from the wagon was a question of fact under the testimony and as such was properly left to the jury.

The judgment of the First District Court of Newark is affirmed.